UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                              Case No. 4:12-cr-20244
                                                               HON. MARK A. GOLDSMITH

TERRENCE BENSHAY ROBINSON,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE
SENTENCE UNDER 28 U.S.C. § 2255 (DKT. 28)**

## I. INTRODUCTION

This matter is before the Court on Defendant Terrence Benshay Robinson's Motion to

Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. 28). Defendant, who pled guilty to one count of

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), claims that he was

denied effective assistance of counsel due to a two-level sentence enhancement that affected his

advisory sentencing guideline range because the firearm at issue was stolen. For the reasons

discussed below, the Court denies Defendant's motion.

## II. BACKGROUND

A federal grand jury returned a one-count indictment against Defendant in April 2012,

charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Indictment (Dkt. 1).

The parties subsequently agreed to a Rule 11 plea agreement. Under the agreement,

Defendant would plead guilty, for which the agreement stipulated to the factual predicate. Plea

Agreement (Dkt. 19). The agreement also specified that the agreed-upon sentencing guideline

range was 70 to 87 months, and that, after factoring in any adjustments, the sentence of imprisonment imposed by the Court could not exceed the top of the sentencing guideline range under the agreement.  Id. at 4-5.

The agreement also stated that "Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions.  As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including — but not limited to — any proceeding under 28 U.S.C. § 2255."  Id. at 9-10.  The Government, Defendant, and Defendant's counsel signed the plea agreement.  Id. at 13.  Directly above Defendant's and Defendant's counsel's signatures is the following language:

> By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms.  Defendant also acknowledges being satisfied with defense attorney's advice and representation.  Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

Id. at 13.

On July 16, 2012, Defendant consented to allow Magistrate Judge Michael Hluchaniuk to conduct a plea hearing according to the procedures outlined in Rule 11 of the Federal Rules of Criminal Procedure.  See Consent to Enter Guilty Plea (Dkt. 17).  Accordingly, the Magistrate Judge held a plea hearing that same day.  At the hearing, Defendant changed his plea to guilty, and the Magistrate Judge subsequently issued a Report and Recommendation ("R&R"), recommending that the Court accept the plea.  R&R (Dkt. 18).  Neither party objected to the

2

Magistrate Judge's recommendation, and the Court accepted the guilty plea and took the Rule 11 plea agreement under advisement.  8/08/12 Order (Dkt. 22).

The United States Probation Department subsequently prepared a Presentence Investigation Report ("PSR").  In the report, the Probation Department found that the firearm at issue had been reported stolen on June 1, 2010 — a finding that was neither alleged in the indictment nor contained in the plea agreement.  Given this finding, the PSR recommended that Defendant's offense level be increased by two levels from what was set forth in the plea agreement, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(b)(4)(A).  This resulted in an increased guideline imprisonment range of 84 to 105 months.  The PSR recommended that, if the Court adopted the report, the Court consider giving Defendant an opportunity to withdraw the guilty plea in light of the increased range.

Defense counsel submitted an objection to the PSR, arguing that the finding of a stolen firearm had not been presented prior to the plea being entered and accepted.  Counsel also argued that there was insufficient evidence that the gun had been stolen.  The Probation Department responded that (i) it is not bound by the provisions of the plea agreement when preparing the special offense characteristics section of the report, and (ii) both a police report and the victim who reported the theft confirmed that the firearm was stolen.

Defendant's counsel then filed a sentencing memorandum addressing this change in the guideline range.  See Def. Sentencing Mem. (Dkt. 24).  Counsel re-raised the argument that Defendant was entitled to the police report regarding the stolen gun prior to entering his plea.  Id. at 4-5 (cm/ecf page).  Counsel argued that "justice would best be served sentencing Defendant without any consideration of the additional 2 point increase in the offense level" because "[t]here

is no evidence that Defendant stole the firearm or even knew that it was stolen when he obtained it." Id.

The Court held a sentencing hearing on December 11, 2012. At the sentencing, Defendant's counsel again raised the issue regarding the stolen firearm. Sentencing Tr. at 4 (Dkt. 38). However, counsel admitted there was no legitimate dispute that the firearm was stolen, and he agreed that the applicable range — with the enhancement — would be 84 to 105 months. Id. at 7-10. As recommended by the Probation Department, the Court gave Defendant the opportunity to withdraw his plea due to the increase in the guidelines from the stolen firearm. Id. at 4-6. Defendant declined the invitation, stating, "I just want to get sentenced today. I don't want to withdraw my plea." Id. at 6. Defense counsel then requested the Court grant a variance in light of the stolen-firearm issue, but the Court denied this request. Id. at 14-16, 22-24.

In light of Defendant's decision to move forward, and using the increased guideline range, the Court sentenced Defendant to 84 months imprisonment — a sentence that fit both within the original guideline range set forth in the plea agreement (70 to 87 months) and the updated guideline range based on the stolen firearm (84 to 105 months). See Judgment (Dkt. 26).

Defendant then filed the instant motion to vacate his sentence under 28 U.S.C. § 2255 on December 13, 2013 (Dkt. 28). Per the Court's Order, the Government filed a response (Dkt. 36), and Defendant filed a reply (Dkt. 37).

### III. 28 U.S.C. § 2255 STANDARD

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

4

> impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

To prevail on a section 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of section 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

### IV. DISCUSSION

**A. The Parties' Primary Arguments**

5

Defendant raises one central issue in his motion: was his counsel deficient for "failure to object to the two-level enhancement under § 2[k]2.1(b)(4)?"  Def. Mot. at 9.  Defendant argues he should not have been subject to the two-level enhancement because the "indictment did not notify [him] that he would have to defend himself against a stolen gun enhancement," as purportedly required by the Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).  Def. Br. at 6.

The Government responds that Defendant's motion must fail because counsel <u>did</u> object to the two-level enhancement.  Gov't Resp. at 5-6.  The Government also highlights that the Court gave Defendant the opportunity to withdraw his guilty plea after being informed that the enhancement could apply, but Defendant chose not to do so.  <u>Id.</u> at 6.  Finally, the Government argues the indictment did not need to include the allegation regarding the stolen firearm under the <u>Alleyne</u> decision because this fact only increased the advisory guideline range; it did not change the statutory minimum or maximum.  <u>Id.</u> at 9.[1]  The Court agrees.

---

[1]  The Government also argues that Defendant waived his right to even bring this motion based on the language in the plea agreement.  Gov't Resp. at 10-11.  The Government highlights that the waiver extends to claims of ineffective assistance of counsel.  <u>Id.</u> (citing <u>Davila v. United States</u>, 258 F.3d 448, 450-451 (6th Cir. 2001)).

 The Court could avoid deciding this issue in light of the fact that Defendant's motion fails on the merits.  Nevertheless, in the interest of completeness, the Court finds that Defendant did knowingly and voluntarily waive this right.  The Sixth Circuit has held that a plea-agreement waiver of section 2255 rights is generally enforceable so long as the plea agreement was entered into knowingly, intelligently, and voluntarily.  <u>See Watson v. United States</u>, 165 F.3d 486, 489 (6th Cir. 1999); <u>see also Davila</u>, 258 F.3d at 450-451.  Indeed, a plea agreement with a valid waiver can even extend to preclude claims of ineffective assistance of counsel under 28 U.S.C. § 2255.  <u>Davila</u>, 258 F.3d at 450.  The waiver does not apply, however, where the claim goes to the validity of the guilty plea itself.  <u>See In re Acosta</u>, 480 F.3d 421, 422 (6th Cir. 2007).

 Here, Defendant does not argue that he did not knowingly and voluntarily enter into the plea agreement.  Nor can he make this argument in light of the fact that the Court gave him an opportunity to withdraw from the plea agreement, but Defendant chose not to do so.  Therefore, Defendant waived the right to bring this motion.

**B. Analysis**

The basis for Defendant's motion is that his counsel was ineffective.  To satisfy the rigorous standard for proving such a claim, Defendant must show "(1) that counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that the defendant was prejudiced as a result of his counsel's deficient performance."  See United States v. Bailey, 547 F. App'x 756, 765 (6th Cir. 2013) (quoting Strickland v. Washington, 466 U.S. 668, 687-688 (1984)).  The Court does not need to "address both components of the inquiry if the defendant makes an insufficient showing on one."  Strickland, 466 U.S. at 697.

To the extent Defendant simply argues that his counsel was deficient in failing to object to the two-level enhancement, this claim is belied by the record: counsel did object to the enhancement in both the PSR and in his sentencing memorandum.  Moreover, although counsel ultimately conceded at the sentencing that the sentence enhancement could apply (although he continued to request a variance), the Court gave Defendant an opportunity to withdraw his guilty plea in light of the enhancement, but Defendant stated on the record that he did not want to do so.  Sentencing Tr. at 4-10.  Therefore, any deficiency was remedied when Defendant was informed of the enhancement, but he declined to withdraw his plea.

To the extent Defendant's claim is based on his counsel's purported failure to raise the Supreme Court's Alleyne decision as a ground for removing the enhancement, the Court finds that that decision does not apply.[2]  In Alleyne, the Supreme Court held that any fact (other than a prior conviction) that increases the mandatory minimum sentence for a crime is an "element" of the offense that must be contained in the indictment and submitted to the jury.  133 S. Ct. at

---

[2] Defendant also fails to explain how his counsel could have been deficient for failing to raise an argument based on the Supreme Court's decision in Alleyne, which was issued six months after Defendant was sentenced.

2155, 2162.  Similarly, in Apprendi v. New Jersey, 530 U.S. 466, 483 (2000), the Supreme Court concluded that any fact (other than a prior conviction) that increases the mandatory maximum sentence for a crime must be contained in the indictment and submitted to the jury.

In this case, however, the fact that the firearm was stolen neither increased the mandatory minimum sentence, nor the mandatory maximum.  Instead, it changed the guideline range — a range that is advisory, not mandatory.  See United States v. Booker, 543 U.S. 220, 233 (2005). Numerous courts, including the Sixth Circuit, have concluded that Alleyne and Apprendi do not apply when the fact at issue changes the advisory sentencing guidelines, rather than the statutory maximum or minimum.  See, e.g., United States v. Agbebiyi, No. 12-2559, 2014 WL 3930195, at *8 (6th Cir. Aug. 8, 2014) ("Apprendi and its progeny do not apply here, as those cases dealt with Sixth Amendment rights with regard to legally proscribed criminal penalties imposed by statutory minimums or maximums, while the sentence imposed here was based on the Sentencing Guidelines."); Watson v. United States, No. 13-725, 2013 WL 6512974, at *3 (W.D. Mich. Dec. 12, 2013) ("Alleyne held that facts that increase the mandatory minimum sentence must be submitted to a jury.  The enhancement of which Movant complains impacted the sentencing guideline range, but not the mandatory minimum."); United States v. Johnson, 732 F.3d 577, 584 (6th Cir. 2013) (same).  Indeed, this is confirmed by the Supreme Court's statement in Alleyne about what its holding did not include:  "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.  We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."  Alleyne, 133 S. Ct. at 2163.

Therefore, because the gun's stolen status only affected the advisory guidelines, and not the mandatory maximum and/or minimum, the Supreme Court's decisions in Alleyne and

Apprendi do not apply.  Consequently, counsel was not deficient in failing to object to the stolen-firearm finding as not being charged in the indictment.  See United States v. Jenkins, 195 F. App'x 344 (6th Cir. 2006) (finding no error where district court considered the fact that the firearm was stolen in enhancing the sentence for a conviction under 18 U.S.C. § 922(g)(1)); Shoopman v. United States, No. 97-75298, 2002 WL 31236188, at *1 (E.D. Mich. Sept. 10, 2002) (discussing rejection of argument that fact that firearm was stolen needed to be contained in indictment); United States v. Lestrick, 82 F. App'x 4, 6 n.2 (10th Cir. 2003) (same); see also United States v. Douglas, 563 F. App'x 371, 374 n.1 (6th Cir. 2014) (citing United States v. Cooper, 739 F.3d 873, 884 (6th Cir. 2014) (rejecting argument that facts that increase the advisory sentencing guidelines, but do not affect the mandatory minimum or maximum, must be found by a jury)).[3]

## C.  Other Arguments

Defendant raises a number of other, cursory arguments that are meritless.  Defendant first argues that the fact that the firearm was stolen was an element of the offense under 18 U.S.C. § 922(j), possession of a stolen firearm, thereby requiring a jury finding.  Def. Br. at 8.  But Defendant was not convicted of violating 18 U.S.C. 922(j); he was convicted of violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  That statute does not require that the gun have been stolen for a conviction.  Therefore, the Court rejects this argument.

---

[3] To the extent Defendant argues his constitutional rights were violated because his counsel promised to object to the enhancement because it was not alleged in the indictment, but failed to do so, the Court rejects this argument as well.  As noted, counsel was not deficient in failing to object that the gun's stolen status was not alleged in the indictment because such an argument would have been meritless.  However, counsel did request that the Court grant a variance in light of the enhancement, which the Court denied.  Sentencing Tr. at 15-16, 22.  Moreover, Defendant chose not to withdraw his plea even after discovering that he could be subject to the enhanced sentence.  Id. at 4-7.  Finally, the Court specifically asked Defendant whether anyone had made any promise to him that affected his decision whether to withdraw the plea; Defendant said, "No, your Honor."  Id. at 6.

Defendant next argues that the Government did not prove that the gun had traveled in interstate commerce.  Def. Br. at 8.  But the plea agreement Defendant signed specifically stipulated that the Smith & Wesson firearm Defendant "possessed was manufactured outside the State of Michigan, [and] therefore it affected interstate commerce."  Plea Agreement at 3 (Dkt. 19).  This portion of the plea agreement was read aloud at the plea hearing, and Defendant agreed to it.  See Plea Tr. at 17, 19-20, 24 (Dkt. 35).  Defendant's counsel subsequently confirmed that there was no challenge to the interstate-commerce element because "Smith and Wessons aren't manufactured in Michigan."  Id. at 25.  The Court accordingly concludes that this argument is meritless.

Third, Defendant claims, without citation to any authority, that the application of the sentence enhancement violated his due process rights because there was no evidence that he knew the gun was stolen.  Defendant argues that the sentence enhancement must contain a mens rea requirement.  Def. Br. at 9.[4]  But numerous courts, including the Sixth Circuit, have expressly and repeatedly rejected this same challenge.  See United States v. Santillan, 458 F. App'x 253, 254 (4th Cir. 2011) (collecting cases); United States v. Murphy, 96 F.3d 846, 848-849 (6th Cir. 1996) (holding that the stolen firearm enhancement does not violate due process); United States v. Moore, 372 F. App'x 576, 578-579 (6th Cir. 2010) (same).  Accordingly, the Court does not find this claim persuasive.

Lastly, Defendant raises arguments regarding the constitutionality of the state of Michigan's indeterminate sentencing scheme.  See Def. Br. at 10-12.  But Defendant was convicted and sentenced based on the federal statute and sentencing guidelines.  The Court fails

---

[4] U.S.S.G. § 2K2.1(b)(4)(A) does not require that the defendant knew or had reason to believe the firearm was stolen.  See Application Note 8(B) to U.S.S.G. § 2K2.1 ("Subsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen.").

to understand how Michigan's sentencing scheme is relevant to this motion.  Therefore, the Court rejects this argument as well.

**D.  Certificate of Appealability**

Because Defendant's claim for relief lacks merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further.  See Slack v. McDaniel, 529 U.S. 473, 483–484 (2000).  For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## V.  CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. 28).

SO ORDERED.

s/Mark A. Goldsmith

Dated:  October 7, 2014                    MARK A. GOLDSMITH
      Detroit, Michigan                    UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2014.

s/Johnetta M. Curry-Williams

JOHNETTA M. CURRY-WILLIAMS
CASE MANAGER