UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Criminal Case No. 4:12-cr-20244
                                                       HON. MARK A. GOLDSMITH

TERRENCE BENSHAY ROBINSON,

    Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION TO VACATE SENTENCE (Dkt. 40)**
**AND GRANTING A CERTIFICATE OF APPEALABILITY**

On October 7, 2014, the Court denied Defendant Terrence Benshay Robinson's motion to vacate sentence under 28 U.S.C. § 2255. See 10/7/14 Order (Dkt. 39). On May 25, 2016, Defendant filed a second motion to vacate sentence under § 2255 (Dkt. 40). On October 5, 2016, the Sixth Circuit Court of Appeals granted Defendant's motion for leave to file a second or successive motion under § 2255 and authorized this Court to consider the motion (Dkt. 43). The Government filed a response to the motion on January 30, 2017 (Dkt. 45). In its response, the Government declined to address the merits of Defendant's motion, instead solely arguing that Defendant waived his right to file any motion under § 2255. See generally Gov't Resp.

In Defendant's Rule 11 Plea Agreement, dated July 5, 2012, he agreed that, by signing the agreement, he "knowingly and voluntarily waive[d] that right [to file post-conviction motions, petitions, or independent civil actions] and agree[d] not to contest his conviction or sentence in any post-conviction proceeding, including — but not limited to — any proceeding under 28 U.S.C. § 2255." See Plea Agreement at 9-10 (Dkt. 19). Defendant's motion, which was filed with the

1

assistance of counsel, does not address waiver. Nor did Defendant file a reply to the Government's response.

Defendant's waiver is controlling. This Court recently held that a collateral-attack waiver contained in a Rule 11 plea agreement — which waiver was substantially identically to the instant waiver provision — was sufficient to waive a § 2255 motion that, like the instant motion, was based upon Johnson v. United States, 135 S. Ct. 2551, 2557 (2015). See generally United States v. Wall, No. 12-CR-20180, 2017 WL 193549, at *1 (E.D. Mich. Jan. 18, 2017).[1] That case was decided with the benefit of full, detailed briefing on the waiver issue submitted by the Government and the defense. In short, this Court held that sentences imposed using the provision of the Guidelines that Johnson invalidated are not "illegal" (the most common and widely accepted basis for setting aside a valid collateral attack waiver), id. at *5, nor do they comprise miscarriages of justice, id. at *2-*3. Likewise, the fact that the rule of Johnson is a constitutional one does not suffice to set aside a valid waiver. See id. at *3-*4.

Accordingly, Defendant's motion (Dkt. 40) is denied.

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). The Ninth Circuit, for one, has accepted a version of the argument that waivers like Defendant's do not preclude a Johnson challenge. See United States v. Torres, 828 F.3d 1113, 1125 (9th Cir. 2016).

---

[1] The waiver in Wall provided that the defendant "knowingly and voluntarily waive[d] that right [to collaterally attack his sentence] and agree[d] not to contest his conviction or sentence in any post-conviction proceeding, including — but not limited to — any proceeding under 28 U.S.C. § 2255." Wall, 2017 WL 193549, at *1.

The Court, therefore, will grant Defendant a certificate of appealability, because reasonable jurists could find this Court's assessment of his claims debatable.

SO ORDERED.

Dated: March 1, 2017　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 1, 2017.

　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　Case Manager